FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 JAN 2 PM 3 47

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>vs.<br><br>MARVIN L. IVERSON,<br><br>Defendant(s). | Case No. 12-CR-245-J |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** has come before the Court on the Defendant's Motion to Dismiss the Indictment, charging that he committed Bank Fraud in violation of 18 U.S.C. § 1344. Defendant's Motion to Dismiss alleges that it is brought before the Court "Pursuant to and Through Federal Rules of Criminal Procedure, 12 (b)" asserting that there is no subject matter jurisdiction and no personal jurisdiction over the Defendant.  He alleges that he is a "live birth being," "national citizen of the republic," "a common man of the Sovereign People," "standing on dry land," "temporarily camp out in Big Horn County, Wyoming." He also asserts that "I am not a UNITED STATES citizen or citizen of, or franchise of, or subject to, any foreign or domestic corporation, municipal corporation, commercial entity or

government operating in a commercial capacity." The Defendant's memorandum proceeds in the above vein giving notice that the Defendant will seek remedy if the prosecution proceeds and providing copies of a Certificate of Birth, various declarations authored by the Defendant and an article about a Montana campaign regarding the status of corporations. As reflected above, the Defendant's memorandum and the attachments suggest that Defendant adheres to the belief that even though he was born and resides in the United States, he is his own sovereign and is therefore not a United States citizen. *See*, Def. Motion at 3, paragraphs 27 and 28.

The Plaintiff states that this belief "is the hallmark of the sovereign citizen movement." Response to Motion at page 2. The tenants of the so-called sovereign citizen movement have been raised by defendants in a variety of cases. *See*, *Brown v. United States*, 105 F.3d 621 (Fed. Cir.1997)(seeking to avoid payment of income taxes); *United States v. Schneider*, 910 F.2d 1569 (7th Cir.1990) (seeking relief from criminal conviction); *Troxelle v. United States*, No. 10-312C, 2010 WL 3982349 (Fed.Cl. Oct. 6, 2010) (unpublished opinion) (describing the plaintiff's allegations that the issuance of his birth certificate and social security number created debts that the government was required to repay to the plaintiff). The beliefs are described in detail by Judge Moon in *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 758-59 (W.D. Va.2007). *See*, Response of the United States at pages 3-4.

However, it is not the purpose here to affix to Defendant a particular label of belief in any movement, but to address the concerns reflected in the Motion to Dismiss Charges. However, Defendant's positions taken here share common features with the Sovereign Citizen Movement.

First, as explained in the Plaintiff's Response to Defendant's Motion, capitalization of his name in the caption of the Indictment and in the captions on other court documents does not deprive the Court of jurisdiction. *See*, Response of United States, page 4. Defendant has failed to provide any meaningful basis in the Motion and Memorandum for this contention. Defendant's identity as the physical person who is in fact charged in the Indictment is an element of proof for the Plaintiff. Second, the Indictment is sufficient in its allegations of Bank Fraud in violation of 18 U.S.C. § 1344. The offense is alleged to have occurred within the District of Wyoming during the period of April 9, 2012 through September 24, 2012, when defendant, Marvin Iverson, delivered checks drawn on a bank account he knew to have been closed to Big Horn Federal Savings Bank, a federally insured financial institution, to pay off existing debts owed by Iverson.

Third the bank fraud statute, 18 U.S.C. § 1344, was enacted in 1984 and later amended in 1989 to punish fraudulent interactions with federally chartered or insured banks. Congress of the United States is empowered to create, define and punish crimes. United

3

States Constitution, article 1, section 8.  Defendant's Motion fails in any manner to offer

authority that contradicts Congress' authority to define offenses against the United States.

Defendant has also failed to consider the provisions of 18 U.S.C. § 3231, which provides:

> The district courts of the United States shall have original jurisdiction,
> exclusive of the courts of the States, of all offenses against the laws of the
> United States.

18 U.S.C. § 3231.  The United States District Court for the District of Wyoming has

and is vested with jurisdiction over "all offenses against the laws of the United States."

*United States v. Collins*, 920 F.2d 619, 626 (10th Cir.1990).  The Defendant's apparent

concern about the use of capital letters in the caption of cases brought in this Court, a matter

of style and form without substance or historic meaning (except in the Defendant's mind)

cannot be a basis for a finding that there is no subject matter or personal jurisdiction.

Defendant's argument to the contrary is frivolous.

**IT IS ORDERED** that Defendant's Motion to Dismiss the Indictment should be and

the same is **DENIED**.

Dated this _2 d_ day of January, 2013.

Alan B. Johnson
United States District Judge

4